UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| HENRY BECK LIVINGSTON, | |
| Plaintiff, | Civil Action No. 5:11-CV-414-JMH |
| vs. | |
| DR. RONALD EVERSON, ET AL., | **MEMORANDUM ORDER** |
| Defendants. | |

***** ***** *****

Henry Beck Livingston, an inmate at the Blackburn Correctional Complex ("BCC") in Lexington, Kentucky, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 [R. 1], concerning his medical issues and the defendants' alleged deliberate indifference to his serious medical condition. Further, on April 10, 2012, Mr. Livingston also filed a motion styled "Motion of Supplement of New Evidence and Request for Order of Protection" [R. 7], wherein he supplements his complaint by stating that as the result of the filing of his complaint, he has been the victim of retaliation by the defendants. He states that he is in fear of further retaliation and requests an emergency hearing and a protective order to prevent further retaliation.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss a case

at any time if it determines either that the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The named defendants are: (1) Dr. Ronald Everson, (2) Dr. Doug Crail, (3) Dr. Scott Hass, (4) Fredric Kemen, (5) Don Bottom, BCC Warden, (6) Brandy Harm, BCC Deputy Warden Programs, (7) Kristen Shears, Nursing Supervisor, (8) Linda Norton, LPN, (9) Rhonda Harrison, Nurse Practitioner, (10) Unnamed Nurses and Nurse Practitioners at BCC and Kentucky State Reformatory; (11) Correct Care, Inc.

## CLAIMS ASSERTED

Livingston claims that the defendants have been deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendments of the United States Constitution and that they have retaliated against him for filing this complaint in federal court. Livingston is in fear of his life due to the alleged failure to provide the medical care and treatment he needs.

Given the seriousness of Livingston's allegations, the Court concludes that at this juncture, without further delay, summons should issue to the Warden at Blackburn Correctional Complex to respond to plaintiff's complaint.

Accordingly, **IT IS SO ORDERED**:

(1) The Clerk of the Court is directed to issue summons to Don Bottom, Warden, Blackburn Correctional Complex, to respond to plaintiff's complaint [R. 1] and to plaintiff's motion for a protective order [R. 7].

(2) The Clerk of the Court shall also prepare a copy of the Complaint [Docket Entry No. 1] and plaintiff's "Motion for Order of Protection" [Docket Entry No. 7] and any required USM Forms 285.

    (a) If insufficient information exists to sufficiently or effectively complete the summons or USM Form 285 regarding the defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

    (b) The Clerk's Office shall forward to the USM by hand-delivery the following documents: (1) the summons issued; (2) USM Forms 285; (3) a copy of the "Complaint" [Record No. 1] and a copy of plaintiff's "Motion for Order of Protection" [Record No. 7]; (4) a copy of this Order; and (5) any other documents necessary to effectuate service.

    (c) The Deputy Clerk making the delivery of the summons and copies to the USM shall obtain from that office a receipt for the documents, which receipt shall be entered into the instant record by the Clerk.

    (d) The USM shall serve the documents specified in the preceding paragraph of this Order on the defendant to this action; service to be made by certified mail, return receipt requested, or by personal service at the option of the USM.

(3) Within 40 days of the date of entry of this Order, the USM shall send a Service Report to the Lexington Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished.

    a. For each defendant to be personally served, the Service Report shall indicate:

     (1). that the defendant was successfully served personally; or

     (2). a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

   b. For each defendant who was to receive copies to be served by registered or certified mail, the Service Report shall include:

     (1). the green mail receipt card showing proof of service; or

     (2). a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

(4) The USM Office is responsible for ensuring that each defendant is personally served with process. In the event that an attempt at personal service upon the defendant is unsuccessful, the USM Office shall make further attempts or pursue other such information as is necessary to ensure successful service.

(5) The Clerk of the Court is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

(6) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(7) For every further pleading or other document he wishes to submit to the Court for consideration, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. **The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a**

**certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.**

(8)     **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This the 13th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge